UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES LANGFORD | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff | * | |
| | * | |
| versus | * | JUDGE: |
| | * | |
| ATLANTIC SOUNDING, CO., INC. | * | |
| and WEEKS MARINE, INC. | * | |
| Defendant | * | MAGISTRATE JUDGE: |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*COMPLAINT*

NOW COMES Plaintiff, JAMES LANGFORD, a resident and citizen of the State of Texas, with respect represents, upon information and belief as follows:

I.

Jurisdiction is proper before this Court based upon the Jones Act, 46 U.S.C. §30104 et seq. and the General Maritime Law.

II.

Made Defendants herein are the following corporations:

A. ATLANTIC SOUNDING CO., INC. [hereinafter "ATLANTIC SOUNDING"], a foreign corporation organized and existing under the laws of the State of New Jersey, but who can be found for Jones Act venue purposes within this judicial district. Said corporation has designated Stephen Chatry, 304 Gaille Drive, Covington, LA 70433, as its agent for service of process and has further designated that address as its principal business establishment within the State of Louisiana.

B. WEEKS MARINE, INC. [hereinafter "WEEKS MARINE"], a domestic corporation organized and existing under the laws of the State of Louisiana, and who can be found for Jones Act venue purposes within this judicial district. Said corporation has designated Stephen Chatry, 304 Gaille Drive, Covington, LA 70433, as its agent for service of process, and has further designated that address as its principal business establishment within the State of Louisiana.

III.

Said Defendants are engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court.

IV.

At all material times, Defendant, ATLANTIC SOUNDING, was the payroll employer of plaintiff and had assigned him as a crew member to work aboard a fleet of vessels, including the M/V GERARD D and crane barge 545, on the navigable waters of the United States and

within the State of Louisiana and the Gulf of Mexico.

V.

The M/V GERARD D and crane barge 545, and ATLANTIC SOUNDING were at all material times engaged in maritime activities within the territorial waters of the State of Louisiana, and within this Judicial District.

VI.

At all material times, Defendant, WEEKS MARINE, paid the plaintiff's per diem salary while he was assigned as a crew member to work aboard a fleet of vessels, including the M/V GERARD D and crane barge 545, on the navigable waters of the United States and within the State of Louisiana and the Gulf of Mexico.

VII.

At all material times, the crane barge 545 was owned and operated by WEEKS MARINE, and was at all material times engaged in maritime activities within the territorial waters of the State of Louisiana, and within this Judicial District.

VIII.

JAMES LANGFORD was at all material times an employee of ATLANTIC SOUNDING and/or WEEKS MARINE and more or less permanently assigned by them to work as a member of the crew aboard the M/V GERARD D and/or crane barge 545, and the work which Plaintiff performed aboard said vessels and other vessels owned and controlled by

ATLANTIC SOUNDING and WEEKS MARINE was in furtherance of the mission of the vessels.

IX.

On or about 10 November 2009, the crane barge 545 struck the Lapalco Bridge and was transported to the WEEKS MARINE yard in Bourg, LA for repairs.  While those repairs were underway, plaintiff was temporarily assigned to work aboard the crane barge 547 and other vessels within the WEEKS MARINE Bourg, LA yard.

X.

On 17 February, 2010, a gangway had been installed by WEEKS MARINE between a WEEKS MARINE crane barge [believed to be crane barge 223] and shore at the WEEKS MARINE Bourg, LA yard to afford ingress/egress to WEEKS MARINE and ATLANTIC SOUNDING employees.

XI.

Because of the location chosen to dock the crane barge [believed to be crane barge 223], the yard area adjacent to the gangway was not supplied with gravel like the remainder of the yard, but was covered with significant mud.  As a consequence, the repeated crossing of the gangway by WEEKS MARINE and ATLANTIC SOUNDING employees caused a significant accumulation of mud on the gangway.

XII.

As plaintiff was attempting to depart the crane barge by using the gangway, which was the only provided means of egress, he slipped in the muddy debris, injuring his right leg and knee.

XIII.

At all material times, the officers, crew, and master of the aforesaid crane barge were in the employment of ATLANTIC SOUNDING and/or WEEKS MARINE, or under the direction and control of ATLANTIC SOUNDING and/or WEEKS MARINE.

XIV.

Because of the negligence of ATLANTIC SOUNDING and WEEKS MARINE in failing to provide a safe place in which to work aboard a vessel in navigable waters, JAMES LANGFORD was injured.

XV.

The accident in question and resulting injuries to JAMES LANGFORD were the result of carelessness, recklessness, and negligence of Defendants, ATLANTIC SOUNDING and WEEKS MARINE, their agents and employees, in the following non-exclusive particulars:

    a.    Failure to berth the crane barge in question at a yard location which would not result in an accumulation of mud on the gangway;

    b.    Failure to provide Plaintiff with safe and efficient means of egress from the crane barge in question;

c. Failure to place sufficient gravel on the land adjacent to the gangway access location chosen by defendants to prevent foreseeable tracking of mud onto the gangway;

d. Failure to provide a portable power washer or other means to prevent the accumulation of mud on the gangway;

e. Failure to provided radio communications to allow persons aboard the crane barge to call for assistance in cleaning the gangway before use;

f. Failure to provide Plaintiff with a sufficient and competent and adequate crew;

g. Failure to provide Plaintiff with a safe place in which to work;

h. Failure to provide Plaintiff with a seaworthy vessel and appliances;

i. Failure to provide a satisfactory method of getting on and off the crane barge in question; and

j. Such further and other acts of neglect, fault, omission, or commission to be proven at the trial of this cause.

XVI.

Upon information and belief, the said accident and injuries to JAMES LANGFORD were not caused or contributed to by any fault or want of care on the part of the Plaintiff, who was attempting to depart the vessel by the only means available.

XVII.

As a result of the accident and injuries sustained, and despite attempts at performing his normal seaman's duties, Plaintiff has been unable to return to his normal employment and is

therefore entitled to maintenance and cure from the date of injury until the point of maximum medical improvement in such sums equal to the actual cost of medical care and the approximate cost of maintaining Plaintiff with adequate room and board.

## XVIII.

Defendants, ATLANTIC SOUNDING and WEEKS MARINE, have been afforded the opportunity to assess Plaintiff's medical condition, afforded an opportunity to provide maintenance and cure, and have chosen to ignore medical evidence of causation and continuing medical necessity.  As such, the actions of ATLANTIC SOUNDING and WEEKS MARINE are intentional, arbitrary, and/or malicious, thereby entitling Plaintiff to such additional compensatory and punitive damages as the trier of fact may deem warranted under the circumstances.

## XIX.

Plaintiff, JAMES LANGFORD, itemizes the damages suffered by him as a result of this accident, as follows:

| | | |
|---|---|---:|
| 1. | Physical and mental pain and suffering | $350,000.00 |
| 2. | Past and Future Loss of Income and Loss of Earning Capacity | $750,000.00 |
| 3. | Past and Future Medical Expenses | $100,000.00 |
| 4. | Compensatory and exemplary damages related to refusal to provide maintenance & cure | $200,000.00 |

    TOTAL                                                                                                                                                                     $1,400,000.00

XX.

Plaintiff specifically pleads the doctrines of strict and/or absolute liability herein against Defendant, WEEKS MARINE, as a result of the unseaworthiness of the crane barge in question, her appurtenances, equipment, and crew.

WHEREFORE, Plaintiff, JAMES LANGFORD, prays for judgment against Defendants, ATLANTIC SOUNDING CO., INC. and WEEKS MARINE, INC., as follows:

1. In favor of Plaintiff, JAMES LANGFORD, such general and special damages in such amounts as prayed for above;

2. For legal interest on all of the amounts prayed for above, from date of injury until paid;

3. For maintenance and cure benefits until the point of maximum medical improvement;

4. For penalties, attorneys fees, and punitive damages for failure to provide maintenance and cure benefits;

5. For all general and equitable relief as the circumstances may warrant; and

6. For all taxable costs herein.

                Respectfully Submitted:

                MICHAEL J. MESTAYER
                A Professional Law Corporation
                1100 Poydras Street
                Suite 2785
                New Orleans, LA 70163
                Telephone: (504) 522-7360
                Facsimile: (504) 522-7356
                E-Mail: mmestayer@mestayerlegal.com

                s/Michael J. Mestayer
                MICHAEL J. MESTAYER (LA Bar No. 09461)

                Attorney for Plaintiff, JAMES LANGFORD

**PLEASE SERVE:**

**ATLANTIC SOUNDING CO., INC.**
through its registered agent for service of process:
Stephen Chatry
304 Gaille Drive
Covington, LA 70433


**WEEKS MARINE, INC.**
through its registered agent for service of process:
Stephen Chatry
304 Gaille Drive
Covington, LA 70433